IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD DEMOND WADE, #01965471, § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Div.,[1] § <br> Respondent. § | Civil No. 3:16-CV-0533-N-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be **DENIED**.

## I. BACKGROUND

In 2014, Petitioner entered an open guilty plea[2] to aggravated assault with a deadly weapon, enhanced by a prior conviction, and was sentenced to 15 years' imprisonment. *State v. Wade*, No. F12-61530 (Crim. Dist. Ct. No. 5, Dallas Cty., Nov. 6, 2014); Doc. 16-2 at 61-65. Petitioner did not pursue a direct appeal, and the Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Wade*, No. WR- 84,434-01 (Tex. Crim. App. Feb. 3, 2016); Doc. 16-1 at 1 (denial without written order on findings of the trial court).

---

[1] In May 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis was "automatically substituted as a party."

[2] Petitioner waived his right to a jury trial and pled guilty to the court without the benefit of a plea-bargained sentence.

In his timely federal petition, Petitioner alleges ineffective assistance of counsel and prosecutorial misconduct, and claims he was not competent to enter a guilty plea. Doc. 3 at 6-7. Respondent argues the first claim is procedurally barred in part due to Petitioner's failure to exhaust, and that the remaining claims fail on the merits. Doc. 17. Petitioner has filed a reply. Doc. 18. Thus, the petition for writ of habeas corpus is now ripe for review.

## II. ANALYSIS

### A. Claim 1 is procedurally barred in part due to failure to exhaust.

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Morris v. Dretke*, 413 F.3d 484, 490-491 (5th Cir. 2005) (citation omitted). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In his first ground for relief, Petitioner alleges his counsel was ineffective for his failure to: (1) preserve Petitioner's right to a direct appeal; (2) adequately investigate; (3) object to prosecutorial misconduct that occurred when the State allegedly called the victim's uncle to

testify as Robert Sterling[3]; and (4) call witnesses on Petitioner's behalf and cross examine the State's witnesses. Respondent correctly counters that Petitioner did not exhaust the latter two bases of his ineffective assistance claim. *Compare* Doc. 3 at 6, 12 (ineffective assistance claims raised in ground one of the federal petition), *with* Doc. 16-2 at 10-17 (ineffective assistance claims raised in state application).

In his state application, while Petitioner alleged prosecutorial misconduct and complained that counsel failed "to report" the alleged prosecutorial misconduct to a "Review Unit" or other state entities, Doc. 16-2 at 12-15, he never alleged counsel was ineffective for failing to object to the prosecutorial misconduct. *See also* Doc. 16-2 at 48-49 (summary of ineffective assistance and other claims raised in state application). Likewise, Petitioner did not assert in his state application that counsel failed to call witnesses or cross-examine the State's witnesses. Moreover, apart from insisting that no new claim is raised in his federal petition and that his previous arguments are merely presented in more detail here, Petitioner does not point to anything in the record refuting the State's argument that he failed to exhaust the ineffective assistance of counsel claims at issue in this case. Doc. 18 at 2-3.

Consequently, Petitioner's failure to exhaust state court remedies constitutes a procedural default that bars this Court from considering his claims that counsel rendered ineffective assistance by failing to object to prosecutorial misconduct and to call and cross-examine witnesses. *See Morris*, 413 F.3d at 491-492; *Ries*, 522 F.3d at 523-524. Further, Petitioner has neither alleged nor shown cause for the default and actual prejudice, or that a fundamental

---

[3] Petitioner asserts that Robert Sterling was not present at the plea hearing because the State could not locate him, and that the prosecutor instead called as a witness the victim's uncle who then impersonated Robert Sterling. Doc. 3 at 6.

miscarriage of justice would occur if the Court were to refuse to consider his defaulted claims. *See Coleman*, 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 13, (2012) ("only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default"). Indeed, Petitioner's reply is silent as to cause, prejudice[4], and actual innocence. Doc. 18 at 2-3.

Finally, it is apparent from a review of the record that Petitioner had the opportunity to raise in his state application all the claims he presents here, and simply failed to do so. Accordingly, Petitioner's claims that counsel was ineffective for failing to object to prosecutorial misconduct and to call and cross-examine witnesses should be dismissed with prejudice as unexhausted and procedurally barred.

### B. Petitioner's remaining claims lack merit

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). That burden, however, is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), as the decision of the state court is

---

[4] Although Petitioner complains the Court of Criminal Appeals deprived him of an opportunity to rebut the state court's findings and, thus, adopted the state one-sided argument, he does not show prejudice for the default. Doc. 18 at 3.

reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision, federal habeas relief should not be granted." *Id.* (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

In addition, the Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687; *see also Premo v. Moore,* 562 U.S. 115, 125 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases). The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 688. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance . . . [or that] under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal citation omitted). To establish prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Consequently, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### 1. Alleged failure of counsel to inform petitioner of the right to appeal

Petitioner asserts that counsel rendered ineffective assistance when she failed to inform him about his right to appeal. Doc. 3 at 6, 11. The state habeas judge rejected this contention relying on defense counsel's affidavit and finding as follows:

> Anyiam [trial counsel] explained all of the plea papers to Applicant, including the "right of appeal" and answered all of his questions prior to appearing before the Judge. . . . Anyiam handed a copy of the "Trial Court's Certification of Defendant's Right to Appeal" to Applicant prior to him leaving the courtroom. Said document advised Applicant that he could file an appeal. Applicant, however, never contacted Anyiam regarding the filing of an appeal.

Doc. 16-2 at 50-51.

Conveniently, Petitioner now claims that he "had no understanding of the appeal process on guilty pleas," and that counsel "never explained . . . [his] right to appeal in a guilty plea." Doc. 3 at 11. However, Petitioner offers nothing more than conclusory allegations that his trial counsel failed to inform him about his right to appeal, and has wholly failed to demonstrate that counsel's representation was deficient or that it prejudiced him. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (citations omitted) ("Absent evidence in the record, a court cannot

consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Indeed, the record belies Petitioner's claim. The plea document stipulated, "I understand that I have a right to appeal to the Court of Appeals." Doc. 16-2 at 62. Additionally, in the *Trial Court's Certification of Defendant's Right of Appeal*, which Petitioner and defense counsel signed on November 6, 2014, Petitioner confirms that the case was "not a plea-bargain case," and he had "the right of appeal." *State v. Wade*, No. F12-61530.[5] Petitioner also acknowledged his receipt of a copy of the certification and being "informed of [his] rights concerning any appeal of this criminal case." *Id.* Official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (citations omitted). Thus, this claim fails.

### 2. Alleged failure of counsel to investigate police reports

Petitioner does not present any factual support for his claim that counsel failed to investigate/review the police reports. Allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have altered the outcome of the [plea]." *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (citations omitted). Bare allegations, like the ones in this case, are clearly insufficient. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993). In addition, the state habeas court found, based on counsel's affidavit, that counsel had "obtained a copy of the police report early in the case and provided a copy to Applicant." Doc. 16-2 at 49. Moreover, with respect to the prejudice prong, Petitioner has wholly failed to allege, much less show, that but for counsel's alleged deficiency,

---

[5] The docket sheet is available at http://courtecom.dallascounty.org/publicaccess/.

he would not have pleaded guilty and would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59.

Based on the foregoing, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the plea proceedings. The state court's denial of relief on the above grounds of ineffective assistance of counsel was a reasonable application of federal law. Thus, Petitioner's first and third grounds for relief lack merit.

### 3. Alleged prosecutorial misconduct

Next, Petitioner asserts, the prosecutor engaged in misconduct when he "had the victim's uncle come to court and testify as Robert Sterling," who was unavailable at the time. Doc. 3 at 6; Doc. 3 at 12-13. The state habeas court determined Petitioner's claim was unsupported and held:

> The indictment indicates that Robert Sterling is the complainant in this matter. Applicant asserts the victim, "Odessa" was deceased and the prosecution could not locate Robert Sterling at the time of the plea. Applicant asserts that the witness presented as Robert Sterling was, in fact, "Dorothy's uncle." Applicant provides no support for these assertions.

Doc. 16-2 at 51.

Upon review, the Court finds that Petitioner's contentions are conclusory and lack merit. Petitioner fails to offer any factual or legal support for his allegation of prosecutorial misconduct. *Ross*, 694 F.2d at 1011 (cited cases omitted) (Without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). In any event, his bare assertions do not establish that material, false or misleading testimony was admitted at the plea hearing. *See Knox v. Johnson*, 224 F.3d 470, 477

Page 8 of 14

(5th Cir. 2000) (quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972) (to prove a Due Process Clause violation based on the state's reliance on false testimony, the defendant must establish: "(1) that a witness for the State testified falsely; (2) that such testimony was material; and (3) that the prosecution knew that the testimony was false.")); *see also Napue v. Illinois*, 360 U.S. 264, 269, 271 (1959).

Thus, because the state court's determination of this issue neither was contrary to, nor involved an unreasonable application, of clearly established federal law, this claim fails.

### 4. Allegation that Petitioner was not competent to plead guilty

Petitioner asserts that he was not competent to enter a guilty plea because he had been "a[n] M.H.M.R. patient since 2001," and "was unstable and not fully on medication" at the time of his plea. Doc. 3 at 7; Doc. 3 at 13. He maintains that neither his attorney nor the prosecutor investigated his mental health and that the state habeas court should not have denied his claim without a hearing. Doc. 3 at 13.

Conviction of a mentally incompetent defendant is a violation of due process. *Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000). Similarly, a defendant may not plead guilty unless he does so "competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (citation omitted). A defendant is competent only if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (internal citations omitted) (quoting *Dusky v. United States*, 362 U.S. 402 (1960) (*per curiam*)). However, mental illness and incompetence are not necessarily coexistent conditions. *See generally McCoy v. Lynaugh*, 874 F.2d 954, 960-61 (5th Cir. 1989).

The record of the proceedings made contemporaneously with the entry of the guilty plea refutes Petitioner's subsequent assertions that he was mentally incompetent to plead guilty. In his written plea agreement, Petitioner avers, "I am the accused in the charging instrument and am mentally competent." Doc. 16-2 at 61. Later in the plea agreement, counsel and the trial court each affirm their belief that Petitioner was competent. Doc. 16-2 at 62. Additionally, in its judgment, the trial court explicitly states "[i]t appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." Doc. 16-2 at 66. Again, the official court record is "entitled to a presumption of regularity and [is] accorded great evidentiary weight" on habeas corpus review. *Hobbs*, 752 F.2d at 1081 (citations omitted).

In addition, as noted in its findings and conclusions, the state habeas court explicitly found that Petitioner was competent to enter a guilty plea, based on the information provided by defense counsel's affidavit:

> Applicant received a competency evaluation prior to entering his open plea.
>
> Applicant was found to be competent by a psychiatrist.
>
> The mere fact that Applicant had previously been found to suffer from schizoaffective disorder, by itself, does not render Applicant incompetent. The fact that a [sic] Applicant had been receiving mental health treatment since 2001 also does not render him incompetent.

Doc. 16-2 at 51-52. Despite Petitioner's dispute of counsel's veracity, Doc. 18 at 5, in relying on counsel's affidavit, the trial court implicitly determined that counsel was credible – specifically with respect to counsel's attestation that Petitioner had been evaluated and found to be competent. Doc. 16-2 at 49; Doc. 16-2 at 54-55. Moreover, as the State notes, court documents

also indicate "that a competency evaluation took place or was expected to take place." Doc. 16-2 at 36; Doc. 16-2 at 44-46 (court pass slips reflecting that a competency evaluation was ongoing).

On this record, the state court's findings are entitled to a presumption of correctness under section 2254(e)(1), Petitioner having failed to rebut the same. *See Lewis v. Thaler*, 701 F.3d 783, 788-789 (5th Cir. 2012). Accordingly, the state court's determination of this issue neither was contrary to, nor involved an unreasonable application, of clearly established federal law. Thus, this claim fails.

### 5. Challenge to the adequacy of the state habeas proceedings

Petitioner challenges at length the adequacy of the state habeas proceedings, claiming the Court of Criminal Appeals quickly denied his application without issuing a written opinion, deprived him of an opportunity to rebut the state court's findings, and refused to hold an evidentiary hearing. Doc. 3 at 12-13; Doc. 18 at 3. Infirmities in collateral proceedings, however, are not grounds for federal habeas relief and, therefore, this claim fails. *See Rudd v. Johnson*, 256 F.3d 317, 319-320 (5th Cir. 2001). Moreover, "§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Richter*, 131 S. Ct. at 785.

### C. Motion to Amend

On December 5, 2016, Petitioner filed a motion to amend, along with a proposed supplemental petition for writ of habeas corpus, seeking to raise a new claim of actual innocence. Doc. 25 at 1-3.[6] Specifically, he asserts, "[s]ince no one was injured, I am innocent of

---

[6] The Court initially terminated the motion to amend for statistical purposes to be determined with the merits of the habeas petition. Doc. 27.

aggravated assault but guilty of a lesser included offense." Doc. 26 at 6.  However, the one-year statute of limitations bars the new claim.  *See* 28 U.S.C. § 2244(d)(1)

Under Rule 15(c)(1)(B), Federal Rules of Civil Procedure, an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  Therefore, only those claims in the amended petition that are tied to a common core of operative facts as the claims in the original petition will relate back to the original petition and will be considered timely filed.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

 Petitioner did not assert actual innocence in his original federal petition, raising only claims of ineffective assistance of counsel, prosecutorial misconduct, and lack of competence to enter a guilty plea.  In addition, the facts that are the basis for his subsequently asserted claim of actual innocence are also absent from his initial filing.  Rather, by his proposed amendment, Petitioner attempts to introduce a new legal theory on facts different from those underlying his original claims.  *C.f.*, *Gonzalez*, 592 F.3d at 679 (quoted case omitted) (ineffective assistance of counsel claims do not relate back where the ineffective assistance of counsel claims initially pled involve an "entirely distinct type of attorney misfeasance" than those asserted in the amended pleading).  Consequently, Petitioner's proposed claim of actual innocence does not relate back to the date of filing of his original petition.

Moreover, Petitioner's proposed actual innocence claim, submitted almost nine months after his initial petition, is clearly outside the one-year limitations period.  Petitioner's conviction became final by December 6, 2014 – 30 days after the November 6, 2014 judgment of conviction.  The Court's finding takes in account that the limitations period was tolled during the

pendency of the state habeas application from October 26, 2015 until February 3, 2016.  *See* 28 U.S.C. § 2244(d)(1) and (2).

That notwithstanding, Petitioner fails to allege "a credible claim of actual innocence" sufficient to justify an exception to section 2244(d)'s limitations period.  *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928 and 1934 (2013) ("tenable actual-innocence gateway pleas are rare.").  He has proffered no newly discovered evidence that would undermine this Court's confidence regarding the state court's finding of guilt.  *See Id.* at 1935 (citing *Schulp v. Delo*, 513 U.S. 298, 327 (1995) (to meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'").  Indeed, he does not allege, much less present, specific facts demonstrating that he was innocent of the aggravated assault with a deadly weapon offense to which he pleaded guilty.  Thus, Petitioner's motion for leave to amend should be denied.  Doc. 25.

### D. An evidentiary hearing is not required

Petitioner requests an evidentiary hearing to develop his claims.  Doc. 18 at 5; Doc. 19 at 1-2.[7]  However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)).  Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court.  Petitioner

---

[7] The Court initially denied the motion as premature, noting that it would be considered upon review of the merits of the habeas corpus petition.  Doc. 20.

cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, Petitioner's motion for leave to amend, Doc. 25, request for an evidentiary hearing, Doc. 19, and petition for writ of habeas corpus should be **DENIED**.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE